HERBERT L. YORK *vs.* ULYSSES G. GOLDER.

FRANK N. AND FLORA E. BLAISDELL *vs.* SAME.

Kennebec.    Opinion September 30, 1930.

*Ames & Ames,* for plaintiffs.
*Harvey D. Eaton,* for defendant.

SITTING: DUNN, STURGIS, BARNES, FARRINGTON, JJ.
PHILBROOK, A. R. J.

STURGIS, J.   In these actions on the case, tried together and brought forward on general motions in a single record, the plaintiffs charged the defendant with obstructing an open drain on his land, used as of right by the plaintiffs for the discharge of surface

and waste waters collecting on their adjoining lands, and seek recovery of resulting damages.

YORK CASE.

In this action it appears that in 1918 one Ada M. LaRock was the common owner of the lands here involved and now owned by the plaintiff and the defendant. September 5, 1922, Mrs. LaRock sold Mr. Golder his lot and on September 13, 1922, following, conveyed the rest of her lands to Mr. York. Alleging the existence of an open drain across the land sold to Mr. Golder at the time these conveyances were made and the necessity for its continuance for drainage of his land, the plaintiff claims an easement of necessity accruing to him by a reservation by implication in the defendant's grant from Mrs. LaRock.

The law recognizes that an easement of necessity, in the nature of a drain, may be reserved by implication in the conveyance of a servient estate. This suit of Herbert L. York recently came before this court on exceptions to a nonsuit at a previous trial, *York* v. *Golder*, 128 Me., 252, and in the opinion sustaining the exceptions, the rule is stated that "where an easement exists over land that is open and apparent and in use at the time of the conveyance and strictly necessary to the enjoyment of another part and the owner of both the dominant and servient parts conveys the servient part, even with convenants of warranty, there is an implied reservation of the easement for the benefit of the dominant estate."

As pointed out, however, in that opinion, the application of this rule to the instant action requires a determination of the issues of fact of whether (1) there was an open drain, (2) its purpose apparent, and (3) an easement of a drain across the defendant's land was necessary to the reasonable enjoyment of the plaintiff's premises and no substitute could be provided at a reasonable expense. If the first issue is decided in the negative, other issues become immaterial.

This record discloses that long prior to Mrs. LaRock's purchase of these lands, a covered drain had been constructed from the house now owned by the plaintiff York, emptying into an open ditch running southeasterly to the southeast corner of the York land near

where it adjoins the defendant's premises. The existence of this open drain is admitted and little doubt exists as to its location. The controversy in this case arises out of the conflicting claims of the parties as to the existence of an artificial ditch running across the defendant's premises connecting the York drain with the town culvert.

The plaintiff and his witnesses testify that, for at least thirty-five years before the defendant built his house, there was an open ditch across the defendant's land, several feet deep, clearly defined, and regularly and necessarily used to carry off waters collected by the York drain. They insist that this drain existed and was in use at the time Mrs. LaRock, owning both parcels of land, sold the defendant his lot.

The defendant's evidence is in direct conflict with these claims. He denies that a ditch ever existed across his land. He testifies that when he purchased from Mrs. LaRock there was no ditch there and none had been there for eight or nine years before. He admits that he increased the grade of his land where his house is built by about two feet but says, where the plaintiff locates the ditch, the surface of the ground remains unchanged. The defendant is supported by the testimony of Mr. Green, a civil engineer who examined the premises, found the levels, and made a chalk. Mr. Green testifies that from the northeast corner of Mr. York's buildings the land slopes easterly and southerly through an old hardwood swamp down to and through the defendant's land to the town culvert. He says there is no evidence of the existence of an artificial drain on the defendant's property. He found a natural depression or sag near the culvert and low land near the York boundary. His descriptions of present conditions and levels taken along the supposed course of the ditch and adjacent lands, if believed, cast doubt upon the existence of a ditch.

As we read the record, we think that the jury could fairly conclude that the plaintiff's witnesses were confused in their recollections of the ditch of which they now give testimony and were in error in continuing the York ditch across the Golder land. Undoubtedly, there was drainage to the eastward in former years, but the plaintiff's evidence is not so convincing as to preclude a finding

that the former drainage resulted from the natural slope and lower grade of the defendant's land and not from an artificial ditch. We have no doubt the jury so found, and other issues became and are immaterial. The verdict must stand.

BLAISDELL CASE.

These plaintiffs own property adjoining the premises of Mr. York and have drainage into the ditch on his land. Relying on adverse user for the statutory period, they claim a right of connecting drainage across the defendant's land through the open ditch already considered. The evidence as to the existence of this ditch is the same as in the York case, and the verdict was for the defendant. Assuming, as we must, that this verdict also rests on a finding that there was no ditch across the defendant's land, for the reasons already stated, the plaintiff's motion for a new trial must be overruled.

In each case, the entry will be

*Motion overruled.*